■ EDGEWOOD ESTATES HOMEOWNERS' ASSOCIATION, INC., Appellant, v MARK IV CONSTRUCTION Co., INC., Respondent. [633 NYS2d 900] —Order unanimously reversed on the law with costs,

complaint reinstated, motion granted in part and third, fourth, fifth, eighth and ninth affirmative defenses struck. Memorandum: Defendant candidly concedes that the Offering Plan requires it to pay the difference between plaintiff Association's actual yearly expenses and the charges levied on Association members who have closed on their lots (see, *Brookview Homeowners' Assn. v Mark IV Constr. Co.*, 178 AD2d 967). Supreme Court, therefore, should not have granted defendant summary judgment dismissing the complaint.

Defendant contends, however, that its affirmative defenses raise questions of fact that preclude granting plaintiff's motion for summary judgment. We reject that contention to the extent that it is based on the premise that defendant is not required to pay for deficits arising from plaintiff's failure to budget or to budget adequately for legitimate expenses. The Offering Plan authorizes plaintiff to pay for maintenance expenses and defendant may not challenge those legitimate expenditures.

We likewise reject defendant's contention that plaintiff's payment of $2,502.20 for attorney's fees was not an authorized expenditure. Because those legal fees arose from a settlement, rather than the successful prosecution of a suit between plaintiff and an individual homeowner, they are plaintiff's obligation rather than the obligation of the homeowner. We agree with defendant, however, that its sixth and seventh affirmative defenses preclude summary judgment. In its sixth affirmative defense, defendant asserts that plaintiff's payment of $1,257 for the maintenance of the interior of a homeowner's unit was not an authorized expenditure. Plaintiff responds that the expenditure was for exterior repairs. The Offering Plan does not authorize plaintiff to maintain or repair structures that it does not own. A question of fact exists, therefore, whether plaintiff's payment of $1,257 was for an authorized expense.

In its seventh affirmative defense, defendant asserts that plaintiff failed to deduct from the 1991 budget deficit a special assessment it imposed on its members. Plaintiff responds that the special assessment should not reduce defendant's liability. Section 5.0 of the Offering Plan provides in part that defendant "shall be obligated for the differences between the actual Association expenses including reserves applicable to completed improvements, and the Association charges levied on owners who have closed title to their Lots". Because a question of fact exists whether the special assessment should have been deducted from the deficit, summary judgment is precluded.

Consequently, we grant in part plaintiff's motion by striking defendant's third, fourth, fifth, eighth and ninth affirmative defenses. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J. —Summary Judgment.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.